The Honorable Kenford O. Carter Deputy Prosecuting Attorney P.O. Box 1196 Yellville, AR 72687
Dear Mr. Carter:
This is in response to your request for my review and approval of two interlocal agreements. You have not identified the statutory basis for my review, nor is this clear from the agreements; but I assume they are submitted pursuant to A.C.A. § 25-20-104 (Repl. 1996), which is part of the Interlocal Cooperation Act (A.C.A. § 25-20-101 et seq.). The first agreement, dated October 14, 1997, is entitled "Cooperative Agreement." The second agreement, dated September 30, 1997, is entitled "Interlocal Agreement of Law Enforcement."
With regard, first, to the Cooperative Agreement, my review indicates that approval of this agreement under § 25-20-104 is not required because it does not appear to be an agreement for a joint or cooperative undertaking within the meaning of the Interlocal Cooperation Act. As this office has previously noted, the Interlocal Cooperation Act ("the Act") contemplates the joint exercise of governmental powers, privileges, or authority through cooperative action in order to make the most efficient use of those powers. See, e.g., Op. Att'y Gen. 92-180. The Act also contemplates the establishment of a separate legal or administrative entity (or an administrator or joint board in the absence of such an entity) to conduct the joint or cooperative undertaking, as well as provisions for financing the project. See A.C.A. § 25-20-104(c).
In this instance, it appears from the "Cooperative Agreement" and from Ordinance 97-77 approving the Agreement, that the County is transferring completed improvements to the City for the City to own and maintain. The Agreement thus does not specify a manner of financing any cooperative effort. A.C.A. § 25-20-104(c)(4). Nor does it reflect any joint exercise of governmental authority or any particular governmental organization to effect a joint undertaking. There is no separate legal entity or administrator or joint board.
I must therefore conclude that this office's approval of the Cooperative Agreement is unnecessary. It should perhaps be noted that contracts between public agencies for the performance of "any governmental service, activity, or undertaking" are specifically contemplated under A.C.A. § 25-20-108 (Repl. 1996). But my approval of such contracts is not required.
With regard to the "Interlocal Agreement of Law Enforcement," my review indicates that this Agreement is in proper form and compatible with the laws of this state. It is therefore hereby approved.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh